```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


IN RE:                         §
                               §   Bankruptcy Case 11-35926
BAYTOWN NAVIGATION, INC., et al.§
                               §   Civil Action H-12-36
         Debtors.              §
HSH NORDBANK AG,               §
                               §
         Appellant,            §
                               §
V.                             §
                               §
BAYTOWN NAVIGATION, INC., et al.§
                               §
         Appellees.            §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced appeal from a Chapter 11 voluntary bankruptcy case is Appellees/Debtors and Debtors-in-Possession Omega's Navigation Enterprises, Inc. *et al.*'s ("Omega's) amended emergency motion to abate briefing schedule (instrument #10).

Debtors explain that a December 19, 2011 order of the Bankruptcy Court denied without prejudice two motions filed by HSH Nordbank AG, as Senior Facilities Agent for a group of banks ("Senior Lenders")[1]: (1) motion for an order dismissing Debtors'

---

[1] Debtors in the jointly administered Bankruptcy Cases under Case No. 11-35926 are Omega Navigation Enterprises, Inc., Galveston Navigation, Inc. Beaumont Navigation, Inc., Carrolton Navigation, Inc., Decatur Navigation, Inc., Fulton Navigation, Inc., Orange Navigation, Inc., Baytown Navigation, Inc., and Omega Navigation (USA), LLC. The Senior Facilities Agent states that Debtors are "inter-related shipping companies" that borrowed hundreds of

-1-

Cases or Converting Debtors' Cases to Chapter 7 pursuant to 11 U.S.C. § 112(b), and (2) motion for an order lifting the automatic stay pursuant to 11 U.S.C. § 362(d).  In the same order the Bankruptcy Court granted the Debtors' opposed motion to extend exclusive period to file and solicit plans of reorganization through June 30, 2012.  The denial order stated that the Bankruptcy Court would issue a formal order, but, before doing so, on December 19, 2011 the Bankruptcy Court ordered some parties, including Debtors and the Senior Facilities Agent, to mediation, abated the proceedings "for the purposes of the mediation, and I understand that to be in the best interest of everyone in this case," and indicated that she would not issue written opinions regarding the denial order until the mediation concluded.  #10 at 3 n.3.

Judge Leif Clark, the United States Bankruptcy Judge for the Western District of Texas, was appointed mediator.  The first session took place in San Antonio, Texas on February 16 and 17, 2012.  A second session was held in Washington, D.C. on March 17 and 18, 2012.  Discussions continue among the parties, and Judge Clark has not concluded the mediation.  Meanwhile on December 30, 2011, the Senior Facilities Agent appealed both the denial order and the exclusivity order to this Court.  The appeal was docketed on March 22, 2012, so Appellant's initial brief is due on April 5,

---

millions of dollars from Senior Lenders with the debt secured by eight tanker ships and their earnings.

2012, with Appellees' response to be filed 24 days later. Fed. R. Bankr. P. 8009(a).

Omega for Appellees states, "If the mediation is successful, it will result in a global resolution that will render moot this appeal. This in turn will render moot the need for the Bankruptcy court to issue a written opinion." #10 at 4. If unsuccessful it will take substantial time for the Bankruptcy Court to issue what will be a lengthy opinion after five days of trial in the underlying litigation. They further state that "the Debtors' chapter 11 cases have been very extensively followed in the international maritime shipping media, such that the filing of an appeal brief by the Senior Facilities Agent prior to conclusion of the mediation could have an adverse effect on the Debtors' ongoing business operations." For this reason they seek an extension of the briefing deadlines and ask this Court to order the parties not to file briefs until thirty days after Judge Clark states that the mediation is concluded.

In response, insisting that Appellees' contention, without any supporting evidence, that filing a brief "could have an adverse effect" on Appellees' business does not entitle them to bar the Senior Facilities Agent from its right to have its appeal heard, the Senior Facilities Agent maintains that Appellees have failed to show "cause." Senior Facilities Agent claims that continued delay of the Bankruptcy court in entering findings on its final order is

prejudicing the Senior Lenders because the value of their collateral is eroding. Appellant cannot foreclose on the collateral unless the stay is lifted.

Senior Facilities Agent insists that it is entitled to have the stay lifted as a matter of law. The Debtors' highest valuation of the collateral is that the ships as collateral are worth about ten percent more that the over $242 million the Debtors owe the Senior Lenders. Under 11 U.S.C. § 362(d)(1) a secured creditor who is prevented by the automatic stay from foreclosing on it collateral is entitled to have its interest "adequately protected" or the stay must be lifted to allow the creditor to foreclose. Furthermore, the Senior Facilities Agent cites cases holding that ten percent is not sufficient as an equity cushion[2] to provide protection; instead twenty percent is required, especially if the Debtor is not making payments. The Senior Facilities Agent emphasizes the following: both sides agree that the shipping market is volatile; the Debtors have been trying to refinance their debt to Senior Lenders or otherwise reorganize for more than 18 months; in that time there has been no real plan of reorganization;

---

[2] An "equity cushion, a recognized form of "adequate protection," is "'the value of the property, above the amount owed to the creditor with a secured claim, that will shield that interest from loss due to any decrease in the value of the property during the time the automatic stay remains in effect.'" *In re WorldCom, Inc.*, Case No. 02-13533, 2003 WL 22035051, *5 (Bkrtcy. S.D. N.Y. January 30, 2003), *quoting In re New Era Co.*, 125 B.R. 725, 728-29 (S.D.N.Y. 1991).

in the nine months since the petition date, the Debtors have made no adequate protection payments to the Senior Lenders; and the value of the collateral has been depreciating.  They contend that they are entitled to appeal the Bankruptcy Court's final order now.

## Court's Decision

"When a bankruptcy petition is filed, § 362(a) of the Bankruptcy Code provides an automatic stay of actions taken to realize the value of collateral given by the Debtor."  *United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates*, 484 U.S. 365, 365 (1988).  On the other hand, 11 U.S.C. § 362(d)(1) provides, "On request of a party in interest and after notice and a hearing, the  court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay--(1) for cause, including lack of adequate protection of an interest in property of such party in interest."  The automatic stay keeps secured creditors from repossessing the collateral securing their claims, but they are entitled to adequate protection of their security interests against the depreciating value of collateral prior to confirmation of a reorganization plan.

Ultimately a decision granting or denying a motion to lift automatic stay pursuant to 11 U.S.C. § 362(d) is left to the discretion of the Bankruptcy Judge and decided on a case-by-case basis, and the decision may be overturned only upon a showing that

the bankruptcy court abused its discretion. *In re Fowler*, 259 B.R. 856, 858 (Bkrtcy. E.D. Tex. 2001). On appellate review, the findings of a bankruptcy court will not be set aside unless clearly erroneous, i.e., unless the district court is left with a definite and firm conviction that a mistake has been made. *Carol v. Quinlivan*, 434 F.3d 314, 318 (5th Cir. 2005). Here this Court does not have the benefit of findings of fact by the Bankruptcy Court regarding her denial of the motions to lift stay and dismiss or convert the Debtors' cases nor her decision to grant extension of the exclusivity period. Nevertheless her determination not to issue such an opinion because mediation was in the best interests of all parties in the case is well within her discretion and Appellant has not shown that it was an abuse of discretion. The equitable nature of bankruptcy is realized in the bankruptcy court's effort to seek a balance between debtors and creditors, as reflected in her decision here, taking into consideration all the circumstances involved in the bankruptcy.

The movant bears the initial burden of showing "cause" for relief from the automatic stay. 11 U.S.C. § 362(g)(1); *In re WorldCom, Inc.*, Case No. 02-13533, 2003 WL 22025051, *3-4 (Bkrtcy. S.D. N.Y. January 30, 2003). The movant may satisfy that burden by establishing that the value of the collateral is declining as a result of the stay. *In re George*, 315 B.R. 624, 628 (Bkrtcy. S.D. Ga. 2004), *citing In re Elmira Litho, Inc.*, 174 B.R. 892, 902-03

(noting that a creditor may generally show that the collateral was worth more at an earlier date than it will be in the future; or it may show the threat of a decline by demonstrating a failure to maintain property insurance or to keep the property in a good state of repair)(and cases cited therein.).  The existence of an equity cushion is not part of the secured creditor's prima facie case of cause;  rather the secured creditor must show either a decline in value or the threat of a decline in value during the term of the automatic stay by either quantitative or qualitative methods. *WorldCom,* 2003 WL 22025051, *6, *citing Elmira Litho*, 174 B.R. at 903, 904.  If the movant fails to meet that burden, the Court will dismiss the motion for relief from stay before the burden shifts to the Debtors, who would otherwise bear the ultimate burden of persuasion under § 362(g)(2).  *WorldCom*, 2003 WL 22025051, at *4.

    Here, the Senior Facilities Agent has argued about the requisite percentage for an adequate equity cushion and vaguely contended that the collateral is depreciating in value, but he has failed to provide evidence, quantitative or qualitative, of that decline.

    Accordingly, for all these reasons, the Court

    ORDERS that Appellees/Debtors' amended emergency motion to abate briefing schedule (instrument #10) is GRANTED.  The parties shall inform the Court when the mediation is concluded and the Bankruptcy Judge has issued written findings.  The Court further

ORDERS that the parties shall not to file briefs in this action until thirty days after Judge Clark states that the mediation is concluded.

**SIGNED** at Houston, Texas, this  2nd  day of  April , 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE